**Lawrence P. KING, Jr., Plaintiff,**

v.

**FEDERAL INSURANCE COMPANY,
Defendant.**

Civ. A. No. 91–1037–B.

United States District Court,
D. Kansas.

March 20, 1992.

Arthur S. Chalmers, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for plaintiff.

Jerome V. Bales, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for defendant.

## ORDER

BELOT, District Judge.

Pursuant to Fed.R.Civ.P. 50(a)(1) as amended, the court finds that the parties have rested and that the defendant has been fully heard with respect to its claim that the plaintiff failed to cooperate and comply with the policy provision requiring the production of records. The court rules, as a matter of law, that there is no sufficient evidentiary basis for a reasonable jury to find for defendant on that issue and accordingly, the court sustains plaintiff's motion for judgment as a matter of law with respect to defendant's affirmative defense that plaintiff failed to cooperate.

■  The evidence in the case, viewed in a light most favorable to defendant, shows that plaintiff did fail without just cause or excuse to produce two documents which were requested of him at the examination under oath held August 29, 1990: (1) long distance phone records and (2) a handwritten summary of plaintiff's involvement in the Hilst Cattle transaction. Defendant was within its rights to request these documents by the policy language. The court is persuaded that the documents contained material, albeit cumulative, information.

However, defendant has failed to produce evidence sufficient to show that plaintiff's breach caused substantial prejudice to either the company's ability to investigate plaintiff's claim or to defend itself in this action. *Boone v. Lowry*, 8 Kan.App.2d 293, 298, 657 P.2d 64 *rev. den.*, 232 Kan. 875 (1983). The evidence on this point came from the testimony of Doris Holderness, the adjuster who handled the claim. Mrs. Holderness testified that she reviewed the withheld records when they were ultimately produced after the claim was denied and that while the records would have been "helpful" had they been timely produced, the company's decision to deny the claim would have been the same. No evidence of any kind was produced that plaintiff's failure to give up the records prejudiced defendant's defense once suit was filed and, in fact, the records were produced before suit was filed.

Defendant argues that so long as the withheld documents were material to the insurance company's investigation, it is unnecessary for the company to show that it was prejudiced by not receiving them. Defendant relies on *Longobardi v. Chubb In-*

surance Company of New Jersey and Federal Insurance Company, 121 N.J. 530, 582 A.2d 1257 (N.J., 1990). That case holds that so long as an insureds misrepresentations to the company during its investigation of a claim are material, it makes no difference whether the company was prejudiced by the misrepresentations. In other words, coverage may be denied without regard to prejudice.

There are arguable factual differences between this case and *Longobardi*. It is open to dispute whether an insured's misstatements of material fact should be viewed in the same light as the withholding of documents containing material, but cumulative, information. Practical reality of insurance industry practice would favor treating them the same and the court acknowledges that *Longobardi* makes a lot of common sense in that regard. However, it is not necessary to resolve the dispute because the court is convinced that Kansas requires a showing of prejudice and that is the law the court is obligated to follow.

Accordingly, judgment in favor of plaintiff is entered on defendant's failure to cooperate claim.

 The aforesaid ruling renders moot plaintiff's argument that defendant should be estopped from asserting its defense of failure to cooperate because it did not mail plaintiff a proof of loss form within 15 days of notification of the claim and otherwise did not comply with other regulations promulgated pursuant to Kansas Unfair Claims Practices Act, K.A.R. 40-1-34, § 6(d) and § 8(a and c). However, to make the record clear and complete in the event of an appeal, the court finds that a violation of the Act does not give rise to or imply a private cause of action, *Earth Scientists v. United States Fidelity and Guaranty Co.*, 619 F.Supp. 1465 (D.Kan. 1985) and that even if it did, plaintiff has presented no evidence from which the jury could find either that defendant substantially violated the regulations or that plaintiff was prejudiced by any failure by defendant to comply with the strict time requirements set forth in the regulations. *Thompson v. West Virginia Essential*

*Property Insurance Assoc.*, 411 S.E.2d 27 (1991).

Finally, the court reaffirms its previous decision disallowing plaintiff's claims for consequential damages based upon evidence, presented in the form of an offer of proof, that he is entitled to the difference between any statutory prejudgment interest to which he may be entitled in the event of a favorable verdict and higher interest on certain notes which he was required to pay because defendant denied his claim. Plaintiff's claims to interest are controlled and limited by *Royal College Shop, Inc. v. Northern Insurance Co. of N.Y.*, 895 F.2d 670 (10th Cir., 1990), applying Kansas law.

IT IS SO ORDERED.